UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SONYA HONG,                                                                      **25 cv**

        Plaintiff,                                                      **COMPLAINT AND**
-against-                                                                              **JURY DEMAND**

CITY OF NEW YORK,

        Defendant.
--------------------------------------------------------X

## INTRODUCTION

1. Plaintiff Sonya Hong is a former Constituent Service Liaison for District 19 located at 20-15 Francis Lewis Blvd Whitestone, NY 11357. Plaintiff brings this action alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*., the New York State Human Rights Law and the New York City Human Rights Law on the basis of race (Asian), national origin (Korean) and retaliation which ultimately led to Plaintiff's termination.

2. Plaintiff seeks reinstatement with seniority and all benefits, compensatory damages, back pay, loss benefits, overtime, damages for pain and suffering and attorney's fees together with the costs and disbursements of this action.

## JURISDICTION AND VENUE

3. Plaintiff is commencing suit within 90 days of receipt of the notice of right to sue letter. Jurisdiction is conferred upon this Court by 42 U.S.C. §§2000e-5(f) and (g) and 28 U.S.C. §§1331 and 1343. Jurisdiction over the state claims is invoked pursuant to 28 U.S.C §1367 and the Court's supplemental jurisdiction.

1. Venue is found in the District of New York pursuant 28 U.S.C.§1391(b) and 42 U.S.C. §2000e-5(f)(3) because the events or omissions giving rise to the claim arose in the Eastern District of New York. 28 U.S.C. § 1391(b)(1) and (2).

## THE PARTIES

2. Plaintiff Sonya Hong was employed by the New York City Council, as a Council Member Aide from October 2022 to January 2024. Plaintiff is an employee as defined by Title VII, the NYSHRL and the NYCHRL.

3. Defendant City of New York is a municipal corporation existing by virtue of the laws of the State of New York. Defendant is an employer as defined by Title VII, the NYSHRL and NYCHRL.

## FACTUAL STATEMENT

4. As a Counsel Aide, Ms. Hong performed constituent services, administrative and office support such as drafting. reviewing and sending communications on behalf of the Chief of Staff and Budget Director. She also created excel spreadsheets to track City Council initiatives and other budget items and attended meetings, represented the office and Council Member when in attendance at local community meetings and events as a Constituent Service Liaison for District 19 located at 20-15 Francis Lewis Blvd Whitestone, NY 11357.

5. At all times relevant, Plaintiff's performance was exemplary.

6. Plaintiff has been subjected to discrimination due to her national origin (Korean), race (Asian) and retaliation in connection with her employment as set forth below. As an Asian, and Korean, Ms. Hong was subjected to disparate treatment and terminated for pretextual reasons as set forth below.

7. Ms. Hong was the only minority that worked in this office.

8. At the outset, Plaintiff has more than twenty years of office experience while most of her coworkers had little or no office experience. For example, Daphne Halkias lacked basic typing skills. Another example is Eric Forte, the Budget Director, had no experience using excel.

9. Plaintiff was asked to perform multiple office roles and had far greater responsibilities than similarly situated coworkers who were Caucasian which created stress due to her workload. The enormous workload was done deliberately in an effort to compel her to resign. Plaintiff was also encouraged to resign.

10. The Chief of Staff, Alexandria (Alie) Ziraschi moved Plaintiff to the Constituent Service position on March 6, 2022. Ms. Ziraschi told her to do the Constituent Services job, Budget, Scheduling and Legislation work. The other non-Asian staffers other non-Asian staffers (Evelyn Mallo, Lori Torres) just did one role such as Constituent Services or Receptionist and had far less responsibilities than Plaintiff.

11. Ms. Ziraschi kept piling on additional job responsibilities for Plaintiff but not to anyone else in the office. No other staff members were asked to do 4 different jobs in the office including other non-Asian staffers (Evelyn Mallo, Lori Torres).

12. On November 8, 2023, Eric Forte, the Budget Director screamed at Ms. Hong in front of the entire office and constituents. Plaintiff has never seen any of her non-Asian colleagues subject to such hostile and disrespectful behavior. This conduct was directed at Plaintiff because she is Korean and Asian.

13. On November 15, 2023, Ms. Ziraschi and Mr. Forte specifically told Ms. Hong the following: just to let you know that this is an Italian Office, and you needed to get a thicker skin.

14. On January 4, 2024, Ms. Ziraschi stated that an intern smelled like a "smelly Asian."

15. On January 8, 2024, Mr. Forte asked to speak with Ms. Hong. However, Mr. Forte would not let her speak. When Ms. Hong attempted to talk, Mr. Forte kept interrupting or shutting her down whenever she spoke because Ms. Hong is Korean, and she was expected to be passive.

16. The office Ms. Hong was employed at had a negative attitude towards Asians even though

3

it represents a District that is over forty percent Asian.

17. Ms. Ziraschi commented that Asians always cut the line.

18. Council Member Vickie Paladino commented several times that Korean children grab all the candy and have no manners.

19. Several staffers (such as Lori Torres, Alexandra Ziraschi) have ridiculed the Asians for wanting free rain barrels which DEP (Department of Protection) gives away for free to the community.

20. Ms. Ziraschi and Mr. Forte deliberately blamed Ms. Hong for missed emails even though there were at least three other staff members monitoring the general email office inbox (district19@council.nyc.gov). Moreover, the entire office had access to the general email inbox. Ms. Hong was targeted because she is Korean and Asian and the only minority on the staff.

21. Plaintiff attempted to resolve the issue internally with the Internal EEO department by filing a formal discrimination complaint based on her national origin and race.

22. On November 8, 2024, Ms. Hong contacted the Nicole Benjamin, the Chief EEO & Diversity Officer (City Council EEO), about a discrimination because Ms. Hong was continuing to be subjected to race and national origin discrimination, cultural insensitivity and a hostile work environment that was growing more severe.

23. Plaintiff advised Mr. Benjamin that she was being discriminated against because she is Asian and Korean and subjected to disparate treatment from other staff members because she was the only minority that worked in this office. She also shared the this is an "Italian office" audio with the EEO.

24. After Ms. Hong reported the discrimination to the internal EEO office, Council Member Paladino's office retaliating against her by increasing the negative comments, changing her start

time, changing office rules and Council Member Paladino giving her the silent treatment.

25. Ms. Ziraschi also retaliated by leaving Ms. Hong out of a staff meeting and changing her start time from 8:30 AM to 9 AM. Ms. Ziraschi did not change the start time of the other staffers.

26. On January10, 2024, Council Member Paladino implemented a "No Cell phone" in the office to stop any more audio recordings.

27. On January 30, 2024, Council Member Vickie Paladino while Plaintiff had an open and active internal EEO discrimination complaint was terminated.

28. The reason provided for Plaintiff's termination was due to a reorganization. Thus, Plaintiff was laid off. To plaintiff's knowledge no other employee was laid off.

29. Upon information and belief, Plaintiff was replaced by a non-Asian employee.

30. More specifically, Daphne Halkias was hired before Ms. Hong was terminated but they asked Ms. Hong to train her on her constituent services responsibilities and to teach her how to use excel. Thus, Plaintiff trained her replacement. Ms. Halkias (Greek) had no office experience and could not even type.

31. While Plaintiff's EEO complaint was still pending, she was terminated for pretextual reasons to mask the discriminatory and retaliatory intent.

**FIRST CLAIM FOR RELIEF-TITLE VII NATIONAL ORIGIN AND RACE**

32. Plaintiff repeats and realleges the allegations contained in the prior paragraphs with the same force and effect as if set forth herein.

33. Defendant engaged in discrimination against Plaintiff on the basis of her national origin (Korean), race (Asian) in violation of, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*., as amended by, among others, the Civil Rights Act of 1991, in connection with the terms, conditions and privileges of her employment including but not limited to her

termination.

34. By reason of the foregoing discriminatory conduct by Defendant, Plaintiff has been damaged.

## SECOND CLAIM FOR RELIEF-TITLE VII-RETALIATION

35. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs with the same force and effect as if set forth herein.

36. Defendant engaged in retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*., as amended by, among others, the Civil Rights Act of 1991, by, *inter alia*, terminating Plaintiff due to her protected activity.

37. By reason of the foregoing retaliatory conduct by Defendant, Plaintiff has been damaged.

## THIRD CLAIM FOR RELIEF-NYSHRL-NATIONAL ORIGIN AND RACE

38. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs with the same force and effect as if set forth herein.

39. Defendant engaged in unlawful discrimination against Plaintiff on the basis of her race (Asian) and national origin(Korean) in violation of NYS HRL, NY Exec. L. §§290 *et seq*., and more particularly, NY Exec L. §296, in connection with the terms, conditions and privileges of her employment including but not limited to her termination.

40. By reason of the foregoing discriminatory conduct by Defendant, Plaintiff has been damaged.

## FOURTH CLAIM FOR RELIEF-NYSHRL-HOSTILE WORK ENVIRONMENT

41. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs with the same force and effect as if set forth herein.

42. Defendant and their agents engaged in unlawful discrimination against Plaintiff on the

basis of her race (Asian), national origin (Korean) and retaliation , in violation of NYS HRL, NY Exec. L. §§290 *et seq*., and more particularly, NY Exec L. §296, by, *inter alia*, subjecting Plaintiff to a hostile and abusive work environment.

43. By reason of the foregoing discriminatory conduct by Defendant, Plaintiff has been damaged.

### FIFTH CLAIM FOR RELIEF-NYSHRL-RETALIATION

44. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs with the same force and effect as if set forth herein.

45. Defendants and their agents engaged in retaliation , in violation of NYS HRL, NY Exec. L. §§290 et seq., and more particularly, NY Exec L. §296, by, inter alia, subjecting Plaintiff to a hostile and abusive work environment and terminating Plaintiff.

46. By reason of the foregoing retaliatory conduct, plaintiff has been damaged.

### SIXTH CLAIM FOR RELIEF-NYCHRL-NATIONAL ORIGIN AND RACE

47. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs with the same force and effect as if set forth herein.

48. Defendants engaged in unlawful discrimination against Plaintiff on the basis of her national origin (Korean), race (Asian) in violation of the NYC HRL, NYC Admin Code §§8-101 *et seq*., and more particularly NYC Admin Code §8-107(1), , in connection with the terms, conditions and privileges of her employment including but not limited to her termination of Plaintiff's employment.

### SEVENTH CLAIM FOR RELIEF-NYCHRL-HOSTILE WORK ENVIRONMENT

49. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs with the same force and effect as if set forth herein.

50. Defendant engaged in unlawful discrimination against Plaintiff with regard to the terms and conditions of her employment on the basis of her race and national origin and retaliation in violation of the NYCHRL, NYC Admin Code §§8-101 *et seq.*, and more particularly NYC Admin Code §8-107(q), by, *inter alia*, subjecting Plaintiff to a hostile and abusive work environment.

### EIGHTH CLAIM FOR RELIEF-NYCHRL-RETALIATION

51. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs with the same force and effect as if set forth herein.

52. Defendants and their agents engaged in retaliation in violation of NYCHRL, NYC Admin Code §§8-101 et seq., and more particularly NYC Admin Code §8-107(q), by, inter alia, subjecting Plaintiff to retaliation including but not limited to a hostile work environment, disparate treatment and her termination.

WHEREFORE, Plaintiff respectfully demands:

1. A declaration that Defendant's actions were retaliatory and discriminatory.
2. Reinstatement to Plaintiff's previous position with seniority and benefits
3. Back pay
4. Loss of earnings
5. Compensatory Damages
6. Attorney's fees
7. Costs and disbursements of this lawsuit
8. Any other relief this Court may grant

### PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY

Dated: New York, New York
     April 17, 2025

Respectfully submitted,

STEWART LEE KARLIN
LAW GROUP, PC

_____
STEWART LEE KARLIN
*Attorneys for Plaintiff*
111 John Street, 22nd Floor
New York, NY 10038
(212) 792-9670